UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
PLACIDO VALDEZ, Individually and on Behalf
of all Other Persons Similarly Situated,

                       Plaintiff,

                                                     **COMPLAINT AND**
          -against-                             **JURY DEMAND**

KRINIS REST. CORP. d/b/a LYRIC          (Stein, J) (Maas, M.J.)
RESTAURANT, a New York corporation,

                                                 07 CV 6924
                       Defendant.
------------------------------------------------------------X

## NATURE OF THE ACTION

      1.     Plaintiff alleges on behalf of himself and all other similarly situated current and former employees of the Defendant who elect to opt into this action pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 216(b), that they are: (i) entitled to unpaid wages from Defendant for overtime work for which they did not receive overtime premium pay, as required by law, (ii) entitled to unpaid minimum wages from Defendant, as required by law, and (iii) entitled to liquidated damages pursuant to the FLSA, 29 U.S.C. §§201 *et seq.*

      2.     Plaintiff further alleges on behalf of himself that under the New York Labor Law, Art 6, §§ 190 et seq., and Art. 19, §§ 650 et seq. (collectively "NYLL"), he is entitled to unpaid minimum wages from Defendant, overtime wages from Defendant for his work beyond 40 hours per week; unpaid spread of hours payments from Defendant for each day he worked 10 or more hours; liquidated damages equal to 25 percent of his unpaid minimum and overtime wages; and attorneys fees and costs.

      3.     Plaintiff and other similarly situated current and former employees, are or were employed as dishwashers, and perform related duties in New York, NY.

## JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331 and 1337, 1343, and supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367. In addition, the Court has jurisdiction over Plaintiff's claims under the FLSA pursuant to 29 U.S.C. § 216(b).

5. Venue is proper in this district pursuant to 28 U.S.C. §1391.

6. This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202.

## THE PARTIES

7. Plaintiff was, at all relevant times, an adult individual, residing in the Long Island City, NY. Plaintiff was employed by Defendants from approximately July 2002 until January 2007. Plaintiff worked over 60 hours per week and was paid a salary ranging from approximately $90.00 to $210.00 per week.

8. Defendant is a New York corporation, with its principal place of business in New York County.

## COLLECTIVE ACTION ALLEGATIONS

9. Pursuant to 29 U.S.C. §207, Plaintiff seeks to prosecute his FLSA claim as a collective action on behalf of all similarly situated persons who are or were formerly employed by Defendant at any time since August 1, 2007 to the entry of judgment in this case (the "Collective Action Period"), who were non-exempt employees within the meaning of the FLSA and who were not paid the appropriate minimum wages and overtime compensation at rates not

less than one-half times the regular rate of pay for hours worked in excess of forty hours per workweek (the "Collective Action Members").

10.     This collective action class is so numerous that joinder of all members is impracticable. The exact number of the potential Class is unknown, but consists of individuals, most of whom would not be likely to file individual suits because they lack adequate financial resources, access to attorneys or knowledge of their claims.

11.     Plaintiff will fairly and adequately protect the interests of the Collective Action Members. Plaintiff has no interest that is contrary to or in conflict with those members of this collective action.

12.     A collective action is superior to other available methods for the fair and efficient adjudication of this controversy, since joinder of all members is impracticable. Furthermore, inasmuch as the damages suffered by individual Collective Action Members may be relatively small, the expense and burden of individual litigation make it virtually impossible for the members of the collective action to individually seek redress for the wrongs done to them. There will be no difficulty in the management of this action as a collective action.

13.     Questions of law and fact common to the members of the collective action predominate over questions that may affect only individual members because Defendant has acted on grounds generally applicable to all members. Among the common questions of law and fact common to Plaintiff and other Collective Action Members are:

      a. whether the Defendant employed the Collective Action members within the meaning of the FLSA;

      b. what proof of hours worked is sufficient where the employer fails in its duty to maintain time records;

    c. whether Defendant failed to post or keep posted a notice explaining the minimum wages and overtime pay rights provided by the FLSA in any area where Plaintiffs are employed, in violation of C.F.R. § 516.4;

    d. whether Defendant failed to pay the Collective Action Members overtime compensation for hours worked in excess of eight hours per day and/or forty hours per workweek, in violation of the FLSA and the regulations promulgated thereunder;

    e. whether Defendant's violations of the FLSA are willful as that term is used within the context of the FLSA;

    f. whether Defendant is liable for all damages claimed hereunder, including but not limited to compensatory, punitive and statutory damages, interest, costs and disbursements and attorneys' fees; and

    g. whether Defendant should be enjoined from such violations of the FLSA in the future.

14. Plaintiffs know of no difficulty that will be encountered in the management of this litigation that would preclude its maintenance as a collective action.

### FIRST CLAIM FOR RELIEF: FAIR LABOR STANDARDS ACT

15. Plaintiff, on behalf of himself and all Collective Action Members, realleges and incorporates by reference paragraphs 1 through 14 as if they were set forth again herein.

16. At all relevant times, upon information and belief, Defendant has been and continues to be, an employer engaged in interstate commerce and/or the production of goods for

commerce, within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a). Further, Plaintiff is a covered individual within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

17.   At all relevant times, Defendant employed, and/or continues to employ, Plaintiff and each of the Collective Action Members within the meaning of the FLSA.

18.   Upon information and belief, at all relevant times herein, Defendant has had gross revenues in excess of $500,000.

19.   Plaintiff consents in writing to be a party to this action, pursuant to 29 U.S.C. §216(b). Plaintiff's written consent is attached hereto and incorporated by reference.

20.   At all relevant times, the Defendant had a policy and practice of refusing to pay overtime compensation to its employees for their hours worked in excess of forty hours per workweek.

21.   At all relevant times, the Defendant had a policy and practice of refusing to pay the appropriate minimum wage rate to its employees for their hours worked.

22.   As a result of the Defendant's willful failure to compensate its employees, including Plaintiff and the Collective Action members, at a rate not less than one and one-half times the regular rate of pay for work performed in excess of forty hours in a workweek, the Defendant has violated and, continues to violate, the FLSA, 29 U.S.C. §§ 201 *et seq.*, including 29 U.S.C. §§ 207(a)(1) and 215(a).

23.   As a result of the Defendant's willful failure to compensate its employees, including Plaintiff and the Collective Action members, at the appropriate minimum wage rate for work performed in a workweek, the Defendant has violated and, continues to violate, Section 6 of FLSA (29 U.S.C. §206)

24. As a result of the Defendant's failure to record, report, credit and/or compensate its employees, including Plaintiff and the Collective Action members, the Defendant has failed to make, keep and preserve records with respect to each of its employees sufficient to determine the wages, hours and other conditions and practices of employment in violation of the FLSA, 29 U.S.C. §§ 201, *et seq.*, including 29 U.S.C. §§ 211(c) and 215(a).

25. The foregoing conduct, as alleged, constitutes a willful violation of the FLSA within the meaning 29 U.S.C. § 255(a).

26. Due to the Defendant's FLSA violations, Plaintiff, on behalf of himself and the Collective Action members, is entitled to recover from the Defendant, his unpaid overtime compensation, unpaid minimum wages, an additional amount equal as liquidated damages, additional liquidated damages for unreasonably delayed payment of wages, reasonable attorneys' fees, and costs and disbursements of this action, pursuant to 29 U.S.C. § 216(b).

**SECOND CLAIM FOR RELIEF:**
**NEW YORK LABOR LAW**

27. Plaintiff, on behalf of himself, realleges and incorporates by reference paragraphs 1 through 26 as if they were set forth again herein.

28. At all relevant times, Plaintiff was employed by the Defendant within the meaning of the New York Labor Law, §§ 2 and 651.

29. Defendant willfully violated Plaintiff's rights, by failing to pay Plaintiff overtime compensation at rates not less than one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a workweek.

30. The Defendant's New York Labor Law violations have caused Plaintiff irreparable harm for which there is no adequate remedy at law.

31. Due to the Defendant's New York Labor Law violations, Plaintiff is entitled to recover from Defendant his unpaid overtime compensation, damages for unreasonably delayed payment of wages, reasonable attorneys' fees, and costs and disbursements of the action, pursuant to New York Labor Law § 663(1).

## **PRAYER FOR RELIEF**

Wherefore, Plaintiff, on behalf of himself and all other similarly situated Collective Action Members, respectfully request that this Court grant the following relief:

a. Designation of this action as a collective action on behalf of the Collective Action Members and prompt issuance of notice pursuant to 29 U.S.C. §216(b) to all similarly situated members of an FLSA Opt-In Class, apprising them of the pendency of this action, permitting them to assert timely FLSA claims in this action by filing individual Consents to Sue pursuant to 29 U.S.C. §216(b) and appointing Plaintiff and his counsel to represent the Collective Action members;

b. A declaratory judgment that the practices complained of herein are unlawful under the FLSA and the New York Labor Law;

c. An injunction against the Defendant and its officers, agents, successors, employees, representatives and any and all persons acting in concert with it, as provided by law, from engaging in each of the unlawful practices, policies and patterns set forth herein;

d. An award of unpaid overtime compensation and minimum wages due under the FLSA and the New York Labor Law;

e. An award of liquidated and/or punitive damages as a result of the Defendants' willful failure to pay overtime compensation pursuant to 29 U.S.C. § 216;

 f. An award of liquidated and/or punitive damages as a result of the Defendants' willful failure to pay overtime compensation pursuant to New York labor law;

 g. An award of prejudgment and post-judgment interest;

 h. An award of costs and expenses of this action together with reasonable attorneys' and expert fees; and

 i. Such other and further relief as this Court deems just and proper.

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiffs demand a trial by jury on all questions of fact raised by the Complaint.

Dated: New York, New York
   August 1, 2007

       THE LAW OFFICE OF JUSTIN A. ZELLER, P.C.

       By:
       _____
       Justin A. Zeller (JZ-7094)

       Justin A. Zeller (JZ-7094)
       222 Broadway, 19th Floor
       New York, NY 10017
       Tel: (212) 860-9169
       Fax: (917) 421-0387

       *Attorneys for Plaintiff, and Proposed Collective Action members*