Louis Pechman [LP-6395]
Berke-Weiss & Pechman LLP
488 Madison Avenue, 11th Floor
New York, NY 10022
(212) 583-9500
*Attorneys for Krinis Restaurant
Corporation d/b/a Lyric Restaurant*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
PLACIDO VALDEZ, Individually and on Behalf :
of all Other Persons Similarly Situated,     :     07 Civ. 6924 (SHS)
                                             :
                    Plaintiff,               :     **ANSWER**
       -against-                             :
                                             :     **ECF CASE**
                                             :
KRINIS REST. CORP d/b/a LYRIC                :
RESTAURANT, a New York Corporation           :
                                             :
                    Defendant.               :
-----------------------------------------------------------X

      Defendant Krinis Restaurant Corporation d/b/a Lyric Restaurant ("Lyric" or "defendant"), by and through its attorneys Berke-Weiss & Pechman LLP, answers and responds to the Complaint of Placido Valdez ("plaintiff") as follows:

1. Denies the allegations contained in paragraph 1 of the Complaint.

2. Denies the allegations contained in paragraph 2 of the Complaint.

3. Denies the allegations contained in paragraph 3 of the Complaint.

4. Denies the allegations contained in paragraph 4 of the Complaint except admits that the Court has jurisdiction over plaintiff's claims under the FLSA.

5. Admits that allegations contained in paragraph 5 of the Complaint.

6. Denies the allegations contained in paragraph 6 of the Complaint.

7. Denies the allegations contained in paragraph 7 of the Complaint except denies having knowledge or information sufficient to form belief as to whether the plaintiff is an adult individual living in Long Island City, New York.

8. Admits the allegations contained in paragraph 8 of the Complaint.

9. Denies the allegations contained in paragraph 9 of the Complaint.

10. Denies the allegations contained in paragraph 10 of the Complaint.

11. Denies the allegations contained in paragraph 11 of the Complaint.

12. Denies the allegations contained in paragraph 12 of the Complaint.

13. Denies the allegations contained in paragraph 13 of the Complaint.

14. Denies the allegation contained in paragraph 14 of the Complaint.

15. Repeats and re-alleges the answers set forth in paragraphs 1 through 14 as if they were fully set forth herein.

16. Admits the allegations contained in paragraph 16 of the Complaint.

17. Denies the allegation contained in paragraph 17 of the Complaint.

18. Admits the allegation contained in paragraph 18 of the Complaint.

19. Denies having knowledge or information sufficient to form a belief as to whether plaintiff has consented pursuant to 29 U.S.C. §216(b).

20. Denies the allegation contained in paragraph 20 of the Complaint.

21. Denies the allegations contained in paragraph 21 of the Complaint.

22. Denies the allegations contained in paragraph 22 of the Complaint.

23. Denies the allegations contained in paragraph 23 of the Complaint.

24. Denies the allegations contained in paragraph 24 of the Complaint.

25. Denies the allegation contained in paragraph 25 of the Complaint.

26. Denies the allegations contained in paragraph 26 of the Complaint.

27. Repeats and re-alleges the answers set forth in paragraphs 1 through 27 as if they were fully set forth herein.

28. Denies the allegation contained in paragraph 28 of the Complaint.

29. Denies the allegation contained in paragraph 29 of the Complaint.

30. Denies the allegations contained in paragraph 30 of the Complaint.

31. Denies the allegations contained in paragraph 31 of the Complaint.

### FIRST AFFIRMATIVE DEFENSE

The Complaint fails to state a claim upon which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, by the applicable statute of limitations.

### THIRD AFFIRMATIVE DEFENSE

The Court should not exercise supplemental jurisdiction over the counts in the Complaint that purport to arise under the New York Labor Law.

### FOURTH AFFIRMATIVE DEFENSE

Plaintiff's claims for liquidated damages are barred, in whole or in part, because any and all actions taken by Lyric were undertaken in good faith and with reasonable grounds for believing such actions were not in violation of Federal or New York law.

### FIFTH AFFIRMATIVE DEFENSE

Plaintiff cannot establish or satisfy the requirements for a collective action pursuant to Section 216 (b) of the FLSA and, therefore, the collective action allegations of the Complaint should be stricken and dismissed.

## SIXTH AFFIRMATIVE DEFENSE

Defendant reserves the right to assert further defenses as they become apparent through discovery or investigation.

WHEREFORE, Lyric respectfully requests that judgment be entered in its favor and against plaintiff, dismissing the Complaint in its entirety, with prejudice, and awarding defendant its costs, fees and disbursements, including reasonable attorneys' fees, incurred in their defense of this action, together with such other, further or different relief as the court deems just under the circumstances.

Dated: New York, New York
       October 12, 2007

                                    BERKE-WEISS & PECHMAN LLP

                                    By: _____
                                    Louis Pechman [LP-6395]
                                    488 Madison Avenue, 11th Floor
                                    New York, NY 10022
                                    (212) 583-9500
                                    *Attorneys for Defendant*

TO:   Justin A. Zeller [JZ-7094]
      The Law Office of Justin A. Zeller, P.C.
      251 West 14th Street, 5th Floor
      New York, NY 10011
      *Attorneys for Plaintiff*

4